UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| VERONICA HOLSWORTH,<br><br>Plaintiff,<br><br>vs.<br><br>MARTIN O'MALLEY, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,<br><br>Defendant. | 5:21-CV-05086-DW<br><br>ORDER GRANTING MOTION FOR ATTORNEY FEES |

Plaintiff Veronica Holsworth filed a motion for attorney's fees pursuant to 42 U.S.C. § 406(b) in the amount of $16,146, equating to 25% of the back benefits awarded to the Plaintiff. (Doc. 30, p. 1; Doc. 31, p. 1). The Defendant, the Commissioner of Social Security, "neither supports nor opposes counsel's request for attorney's fees" under 42 U.S.C. § 406(b)." (Doc. 33, p. 1). All that remains is for this court to determine if the Plaintiff is entitled to attorney fees under this statute and if the requested fee award is reasonable.

## FACTUAL BACKGROUND

Veronica Holsworth applied for Social Security disability benefits on December 2, 2019, alleging disability since August 1, 2019. On January 26, 2021, an administrative hearing was held before ALJ Wynne O'Brien-Persons. (AR 11). Holsworth and vocational expert Cassie Mills testified at hearing. On February 17, 2021, ALJ O'Brien-Persons issued an unfavorable decision.

Holsworth timely requested review from the Appeals Council. On November 8, 2021, the Appeals Council denied the request for review.

On December 1, 2021, Holsworth's attorney, Michael J. Simpson, filed a complaint stating she "has exhausted all administrative remedies in this matter" and "[t]he Decision denying the Plaintiffs claim is not in accordance with the law and is not supported by substantial evidence." (Doc. 1). On August 29, 2022, the Commissioner filed an unopposed motion for a sentence four remand for further administrative proceedings. (Doc. 20). This court remanded the case. (Doc. 21). Upon remand, the Commissioner found Holsworth was entitled to monthly disability benefits and past due benefits. (Doc. 32-1)

On May 24, 2022, Holsworth entered into a fee agreement with her attorney, Michael J. Simpson. (Doc. 32-2). This fee agreement specified that

> If the Social Security Administration does not favorably decide the claim at any stage through the Appeals Council and appeal to federal court is necessary, my representative shall have the option and right to file a fee petition seeking a fee greater than $6,000.00 but not more than twenty-five [] percent of the past due benefits pursuant to 42 U.S.C. § 406(b).

Id. at p. 1.

At the administrative level, Simpson representation of Holsworth began in October 2020. Simpson worked from 2020 until 2024 on this case and represented Claimant at two administrative hearings, one appeals to the Appeals Council, and one appeal to Federal Court. Simpson represented Holsworth in the present case. Simpson received $2,850 in Equal Access to

Justice Act (EAJA) fees for his representation of Holsworth in this case. See Doc. 29 in 5:21-CV-5086-DW.

On August 20, 2024, Holsworth timely[1] filed her Motion for Attorney's Fees, requesting that the Commissioner pay Simpson $13,296 and pay Holsworth the remaining $2,850 that it is holding. (Doc. 30, p. 1).

## LAW

The Social Security Act authorizes a federal district court to award attorney fees for representation before the court under 42 U.S.C. § 406(b). Section 406(b)(1)(A) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits[.]

42 U.S.C. § 406(b)(1)(A). Congress enacted § 406(b) to "protect claimants against inordinately large fees and also ensure that attorneys representing successful claimants would not risk nonpayment of [appropriate] fees." Gisbrecht v. Barnhart, 535 U.S. 789, 805 (2002) (internal quotations omitted).

Holsworth' contends that 25 percent of past due benefits is reasonable and asks this court to approve that amount. (Doc. 31 at p. 3). While "[Section]

---

[1] The Court finds that Holsworth' motion was timely filed. See McGraw v. Barnhart, 450 F.3d 493, 505 (10th Cir. 2006) (plaintiff's attorney must file their motion for 406(b) fees within a reasonable amount of time after Commissioner awards benefits).

3

406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court[,]" a contingency-fee agreement that provides for fees in excess of twenty-five percent of past-due benefits, the boundary imposed by Congress, is *per se* unreasonable. Gisbrecht, 535 U.S. at 807; 42 U.S.C. § 406(b)(1)(A); see also Culbertson v. Berryhill, 139 S. Ct. 517, 523 (2019) (holding that the twenty-five percent cap in § 406(b)(1)(A), for representation before the agency, applies only to fees for court representation, and not to the aggregate fees awarded under §§ 406(a) and (b)). The attorney for the successful claimant must establish that the contingency-fee sought is reasonable in proportion to the services rendered. Id.

District courts are responsible for conducting an "independent check" to ensure the fee award is reasonable. Id. "The Supreme Court stated that, while the district court may consider the hourly rate in determining the reasonableness of a fee award, the court must first consider the fee agreement, testing it for reasonableness; then reduce the fees based on the character of the representation and results achieved, whether counsel was responsible for delay, and whether the benefits achieved were large in comparison to the time expended by counsel." Jones v. Berryhill, 699 Fed. Appx. 587, 588 (8th Cir. 2017) (unpublished) (citing Gisbrecht, 535 U.S. at 807-08).

A court should determine whether a downward adjustment of an attorney's recovery is appropriate based on the character of the representation. Gisbrecht, 535 U.S. at 808. To avoid a windfall to a successful claimant's

attorney, the court should make a downward adjustment if the award of benefits is large in comparison to the amount of time counsel spent on the case. Id.; Rodriquez v. Bowen, 865 F.2d 739, 747 (6th Cir. 1989) ("Where a case has been submitted on boilerplate pleadings, in which no issues of material fact are present and where no legal research is apparent, the benchmark twenty-five percent of awards fee would obviously be inappropriate").

Courts may reduce an award in situations "occasioned by improper conduct or ineffectiveness of counsel," such as where an attorney delays a case to increase the attorney's share of "past-due" benefits. Rodriquez, 865 F.2d at 746. Courts may award attorney fees to prevailing claimants and their attorneys under both the EAJA and § 406(b); however, a double recovery is not permitted. Gisbrecht, 535 U.S. at 796. "EAJA fees and fees available under § 406 are two different kinds of fees that must be separately awarded." Frazier v. Apfel, 240 F.3d 1284, 1286 (10th Cir. 2001). When both awards are granted, the attorney must refund the lesser award to the client. Id.

The Second Circuit Court of Appeals held "a contingency agreement is the freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate to secure effective representation, and of an attorney's willingness to take the case despite the risk of nonpayment. Therefore, we ought normally to give the same deference to these agreements as we would to any contract embodying the intent of the parties[.]" Wells v. Sullivan, 907 F.2d 367, 370 (2d Cir.1990).

## DISCUSSION

Michael J. Simpson, Holsworth' attorney requests approval of a 25 percent 406(b) fee of $16,146 for his work in this action. (Doc. 31, p. 1). Holsworth argues this case is similar to Mizell v. Astrue, where an Alabama federal district court approved a 25 percent contingent fee of $18,706.50 in a case where the plaintiff's attorney spent 15 hours in the federal court proceedings, which granted the attorney an hourly rate of $1,682. (Doc. 28 at p. 3 (citing Mizell v. Astrue, 2008 WL 536168 (S.D. Ala. Feb. 22, 2008)). The Mizell court emphasized that it "does not look in isolation at the 15 hours spent." Id. at p. 5. The court noted that the attorney represented the claimant for nine years, and "by assuming this lengthy nine-year representation, Petitioner assumed a significant risk that she may never recover any fee for her efforts." Id. The court emphasized that Plaintiff's counsel was a reputable and competent attorney who was experienced in Social Security law. Id. The "Court acknowledges that the hours spent may appear disproportionate to the award; however, Plaintiff and Petitioner entered into an agreement, within the statutory maximum, which secured representation by capable and experienced counsel and consequently, Petitioner assumed the risk that she would receive nothing if unsuccessful." Id.

Here, Simpson is an experienced Social Security lawyer,[2] represented Holsworth for 4 years, and assumed the risk that he would receive no fees if unsuccessful.

The court analyzed the reasonableness of the contingent fee agreement, the nature of counsel's representation of and the fee award as Jones and Gisbrecht require. The character of Simpson's representation and the results achieved support concluding the twenty-five percent fee award (totaling $16,146) is reasonable. The court finds the fee agreement and fee award adequately fit within the requirements Jones and Gisbrecht set forth.

## CONCLUSION

Accordingly, it is

ORDERED Holsworth' motion for attorney's fees (Doc. 30) is granted.

IT IS FURTHER ORDERED that pursuant to 42 U.S.C. § 406(b)(1)(A) Plaintiff's attorney, Michael J. Simpson, is entitled to an award of $16,146 for attorney's fees for his professional services in this case, as requested in Holsworth' motion. Since Simpson already received $2,850, he is entitled to receive $13,296 from the $16,146 that the Commissioner is holding for payment of attorney's fee.

IT IS FURTHER ORDERED that the Commissioner shall send $13,296 to Attorney Michael J. Simpson, 1600 Mountain View Road, Suite 110, Rapid

---

[2] Simpson has practiced Social Security law for 25 years and handled over 90 cases in Federal Court and 15 Circuit Court appeals. See Doc. 31.

City, SD 57702, out of the funds being held for this purpose pursuant to 42 U.S.C. § 406(b)(1)(A).

IT IS FURTHER ORDERED that the Commissioner pay Holsworth the remaining $2,850 that the Commissioner is holding for payment of attorney's fee.

DATED this 16th of September, 2024.

BY THE COURT:

_____
DANETA WOLLMANN
United States Magistrate Judge